UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

TUFAMERICA, INC. d/b/a TUFF CITY RECORDS,

                              Plaintiff,

    - against-

BLACK BUTTER RECORDS, SONY MUSIC
ENTERTAINMENT UK LTD., LVRN PUBLISHING
LLC, ABUBAKAR BAKER SHARIFF-FARR, P/K/A
BAKAR, RESNIK MUSIC GROUP, ROBERT RESNIK
and MAPLE GAINES,

                            Defendants.
----------------------------------------------------------------X

Index No. 25-cv-3785

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff TufAmerica, Inc. d/b/a Tuff City Records ("Plaintiff"), by and through its undersigned attorneys, hereby files this Complaint against Defendants Black Butter Records ("Black Butter"), Sony Music Entertainment UK Ltd. ("Sony UK"), LVRN Publishing LLC ("LVRN"), Abubakar Baker Shariff-Farr, p/k/a Bakar ("Bakar"), Resnik Music Group ("Resnik Music"), Robert Resnik ("Resnik") and Maple Gaines ("Gaines") (together, "Defendants"), and alleges as follows:

## NATURE OF THIS ACTION

1.     This is an action for copyright infringement, fraud, and for declaratory and injunctive relief.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), as this matter involves, *inter alia*, violation of federally-registered copyrights. Plaintiffs seek a declaratory judgment under the Declaratory Judgment Act pursuant to 28 U.S.C. § 2201.

3.     Venue in this district is proper as to each Defendant pursuant to 28 U.S.C. §

1391(b)(1), (2) and (3), and New York Civ. Prac. L. & R. §§ 301 and 302(a)(3)(i) and (ii), because each Defendant (a) does business from one or more New York City addresses, (b) regularly does and solicits business, and engages in a persistent course of conduct, and derives substantial revenue from goods used or consumed or services rendered, in the state of New York, (c) because each Defendant expects or should reasonably expect its services to have consequences in the state of New York, and (d) because each Defendant derives substantial revenue from interstate and international commerce.

## THE PARTIES

4.     Plaintiff is a New York corporation located at 439 West 43rd Street, New York, New York 10036.  Plaintiff owns and administers the copyrights to tens of thousands of musical recordings and compositions from the genres of Blues, Rhythm and Blues, Jazz, Funk, Soul, Hip-Hop, New Orleans and Latin Music, much of which might otherwise fall into obscurity.

5.     Defendant Black Butter Records is a record label based in London, England.

6.     Defendant Sony Music Entertainment UK Ltd. is a company organized under the laws of England and in the business of discovering and developing recordings artists and is engaged among other things, in the business of manufacturing, distributing, and licensing of sound recordings. Through its divisions and/or subsidiaries, Sony UK reproduced, distributed and publicly performed and/or authorized the reproduction, distribution and public performance of the infringing HNB and HNB Remix compositions and sound recordings.

7.     Defendant LVRN Publishing LLC is a limited liability company organized under the laws of the state of Georgia, with its principal place of business in Los Angeles, California.

8.     Defendant Abubakar Baker Shariff-Farr, p/k/a Bakar is an individual who resides, upon information and belief, in London, England.

9.     Defendant Resnik Music Group is company with its principal place of business,

upon information and belief, in Palm Harbor, Florida.

10.    Defendant Robert Resnik is an individual who resides, upon information and belief, in Palm Harbor, Florida, and is the chief executive of Resnik Music.

11.    Defendant Maple Gaines is an individual who resides, upon information and belief, in New Orleans, Louisiana.

## FACTUAL SUMMARY

12.    In 1967, artist Robert Parker released a recording of a song entitled "I Caught You In A Lie," written by Wilbert Smith, p/k/a Lee Diamond.

**The Composition**

13.    Plaintiff is the owner of all rights in and to the musical composition "I Caught You In A Lie" (the "Composition"), and holds a U.S. Copyright Registration (EU982447) in connection with the Composition (the "Composition Registration"), which was renewed in 1995 (RE0000704517).

14.    The Composition Registration was issued to Bonatemp Music Pub. Co., Inc. ("Bonatemp") effective March 6, 1967.

15.    Consistent with the foregoing registration, the 1967 commercial release of "I Caught You In A Lie" indicates that it was published by Bonatemp.

16.    On March 23, 1998, three of the owners of Bonatemp transferred a total of 60% of their ownership rights in Bonatemp's compositions to Plaintiff.

17.    The March 23, 1998 assignments were recorded with the Copyright Office on July 19, 1999, confirming that "I Caught You In A Lie" was among the musical compositions assigned from Bonatemp to Plaintiff.

18.    On May 29, 2014, the members of Bonatemp confirmed by Shareholder Resolution that Plaintiff was the 60% (majority) owner of Bonatemp, and that Aaron Fuchs was

its sole officer and director.

19.    On October 28, 2021, Bonatemp assigned all of its rights in its compositions, including the Composition "I Caught You In A Lie," to Plaintiff.

**The Master**

20.    Plaintiff is also the owner of all rights in and to the master sound recording of "I Caught You In A Lie" (the "Master").

21.    Consistent with the foregoing registration, the 1967 release of "I Caught You In A Lie" reflects publication by Nola.

22.    On March 23, 1998, three of the owners of Nola transferred a total of 75% of their ownership rights in Nola's master sound recordings to Plaintiff.

23.    The March 23, 1998 assignments were recorded with the Copyright Office on July 19, 1999, confirming that "I Caught You In A Lie" was among the master sound recordings assigned from Nola to Plaintiff.

24.    On May 29, 2014, the members of Nola confirmed by Shareholder Resolution that Plaintiff was the 75% (majority) owner of Nola, and that Aaron Fuchs was its sole officer and director.

**"Hell N Back" is an Unlicensed Infringement of the Composition and Master**

25.    "Hell n Back" ("HNB") is a song first released commercially in August 2019 by Black Butter Records, an imprint of Sony Music UK.

26.    The artist Abubakar Baker Shariff-Farr, p/k/a Bakar, performs on the HNB track.

27.    A second version, or "remix," of HNB was released in September 2023, with Bakar performing with the artist Summer Walker ("HNB Remix").

28.    Defendant LVRN is the music publisher associated with Ms. Walker in

connection with the HNB Remix.

29.    The other writers and publishers already associated with HNB and LVRN agreed amongst themselves – without consulting Plaintiff – to further reduce Plaintiff's share of the publishing rights to the HNB Remix and reassign that share to Ms. Walker.

30.    With the possible exception of the first four beats at the start, and possibly one or two beats at the end of the 3½- and 3¼-minute songs, both HNB and HNB Remix sample the entire rhythm track (including all of the bass and drum sounds) from the Composition and the Master throughout the entire duration of those tracks.

31.    The use of the entire rhythm track (including all of bass and drum sounds) from the Composition and Master in HNB and HNB Remix were not authorized by Plaintiff.

32.    HNB and HNB Remix have had significant commercial success.

33.    HNB and HNB Remix continue to be licensed for use in connection with high-profile projects, including: (i) the use of HNB in the teaser trailer for the 2023 Disney/Pixar film "Elemental"; and (ii) the use of HNB on American Idol in 2025.

34.    HNB and HNB Remix are each unauthorized derivative works of the Composition, violating Plaintiff's exclusive right to make derivative works under the Copyright Act.

**Competing Ownership Claims Regarding the Composition**

35.    Plaintiff has come to understand that Defendant Robert Resnik and/or Resnik Music claims to be the owner of the Composition.

36.    Defendant Resnik and/or Resnik Music claim that they acquired the Composition from Diana Miles, that Ms. Miles acquired the rights after the death of her husband George R. Davis, Jr., that Mr. Davis acquired the rights from Pamela Matthews in 1994, and that Ms.

Matthews inherited them after the death of her father, Lee Diamond.

37.    Based on their claimed ownership of the Composition, Defendants Resnik and Resnik Music and their counsel have demanded that Plaintiff abandon its ownership claims to the Composition, and they have also significantly interfered with Plaintiff's ability to exploit the Composition and to be paid royalties it is due for said exploitations.

38.    Because of Defendants Resnik's and/or Resnik Music's false claim of ownership in the Composition, Broadcast Music, Inc. has not been distributing the correct amount of public performance royalties from the exploitation of the Composition to Plaintiff.

39.    Also because of Defendants Resnik's and/or Resnik Music's false claim of ownership in the Composition, Plaintiff has been denied the opportunity to license the use of the Composition to others.

40.    Indeed, because of their false claim of ownership in the Composition, Resnik and/or Resnik Music have been licensing the use of the Composition to others, and has been collecting monies to which they are not entitled, and which should have been paid to Plaintiff.

41.    Despite their knowledge that his claim of ownership in the Composition is false, and despite being explicitly advised by Plaintiff that his claim is false, Resnik and/or Resnik Music have listed and continue to list the Composition on their website for licensing – with a full-length playable preview of a recording of the Composition – as reflected below.



42.    The Resnik Music Group website claims to feature "over 14,000 fully cleared tracks, both master and publishing rights."

43.    The Resnik Music Group website also falsely lists another Robert Parker track – "Soul Kind of Loving" – that it purports to make available for licensing.

**Competing Ownership Claims Regarding the Master**

44.    Upon information and belief, on October 15, 2019, Sony UK entered into an agreement with Defendant Maple Gaines, for use of the Master in HNB.

45.    Defendant Gaines did not own the Master, she was not authorized to enter into the agreement, and as she lacked the rights, the agreement was a nullity.

46.     For the same reason, any claim on the part of Defendant Gaines that she owns any portion of the Master is also incorrect.

47.     Nevertheless, based on her ownership claim, Defendant Gaines has demanded that she be paid royalties in connection with the exploitation of HNB.

48.     Because of Defendant Gaines' claim of ownership in the Master, Sony UK has been collecting – but not distributing – royalties attributable to the exploitation of HNB, and has declined to do so unless and until ordered to do so, and ordered to do so to whom, by a court.

49.     As of 2023, Sony UK was holding at least $47,500 in undistributed royalties.


### AS AND FOR A FIRST CAUSE OF ACTION
**(Copyright Infringement - Defendants Bakar, Black Butter, Sony UK and LVRN)**

50.     Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

51.     Plaintiff is the owner of the Composition.

52.     Plaintiff holds federal copyright registrations for the Composition.

53.     Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, had access to the Composition.

54.     Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, without the permission or consent of Plaintiff, and without authority, incorporated uncleared samples and corresponding compositional elements from the Composition into the musical composition and sound recordings of HNB and HNB Remix.

55.     The HNB and HNB Remix musical compositions are each substantially similar to the Composition.

8

56.    The HNB and HNB Remix sound recordings are each substantially similar to the Master.

57.    HNB and HNB Remix are each unauthorized derivative works of the Composition and the Master, violating Plaintiff's exclusive right to make derivative works under the Copyright Act.

58.    Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, without the permission or consent of Plaintiff, and without authority, have publicly performed or otherwise exploited uncleared samples and corresponding compositional elements from the Composition by virtue of their reproduction, public performance or exploitation of the musical composition and sound recordings of HNB and HNB Remix.

59.    The conduct of Defendants Bakar, Black Butter, Sony UK and LVRN constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, pursuant to 17 U.S.C. § 501, including but not limited to: (A) the right to publicly perform the Composition, 17 U.S.C. § 106(4) (the copyright owner has the exclusive right to perform and authorize others to perform the copyrighted work publicly); and (B) the right to prepare derivative works of the Composition, 17 U.S.C. § 106(2) (the copyright owner has the exclusive right to prepare and authorize others to prepare derivative works based on a copyrighted work).

60.    The acts of infringement of Defendants Bakar, Black Butter, Sony UK and LVRN have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

61.    As a direct and proximate result of the willful infringement by Defendants Bakar, Black Butter, Sony UK and LVRN of Plaintiff's copyright and exclusive rights under copyright,

Plaintiff is entitled to its actual damages plus Defendant's profits from infringement, as will be proven at trial, pursuant to 17 U.S.C. § 504(b).

62.

63.     In the alternative, at Plaintiff's election, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), of up to $150,000.The conduct of Defendants Bakar, Black Butter, Sony UK and LVRN has caused, is causing, and unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendants Bakar, Black Butter, Sony UK and LVRN to immediately stop infringing the Composition, to immediately stop exploiting the musical composition and sound recordings of HNB and HNB Remix, and to stop making HNB and HNB Remix available for use by others.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Common Law Copyright Infringement - Defendants Bakar,**
**Black Butter, Sony UK and LVRN)**

64.     Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

65.     Plaintiff is the owner of the Master.

66.     Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, had access to the Master.

67.     Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, without the permission or consent of Plaintiff, and without authority, incorporated uncleared samples and corresponding compositional elements from the Master into the musical composition and sound recordings of

HNB and HNB Remix.

68.    The HNB and HNB Remix musical compositions are each substantially similar to the Master.

69.    The HNB and HNB Remix sound recordings are each substantially similar to the Master.

70.    HNB and HNB Remix are each unauthorized derivative works of the Composition and the Master, violating Plaintiff's exclusive right to make derivative works under the Copyright Act.

71.    Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, without the permission or consent of Plaintiff, and without authority, have publicly performed or otherwise exploited uncleared samples and corresponding compositional elements from the Master by virtue of their reproduction, public performance or exploitation of the musical composition and sound recordings of HNB and HNB Remix.

72.    The conduct of Defendants Bakar, Black Butter, Sony UK and LVRN constitutes infringement of Plaintiff's exclusive rights arising under the common law, including but not limited to: (A) the right to reproduce the Master, and (B) the right to prepare derivative works of the Master.

73.    The acts of infringement of Defendants Bakar, Black Butter, Sony UK and LVRN have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

74.    As a direct and proximate result of the willful infringement by Defendants Bakar, Black Butter, Sony UK and LVRN of Plaintiff's copyright and exclusive rights under copyright,

Plaintiff is entitled to its actual damages plus Defendant's profits from infringement, as will be proven at trial.

75.     The conduct of Defendants Bakar, Black Butter, Sony UK and LVRN has caused, is causing, and unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to a permanent injunction requiring Defendants Bakar, Black Butter, Sony UK and LVRN to immediately stop infringing the Composition, to immediately stop exploiting the musical composition and sound recordings of HNB and HNB Remix, and to stop making HNB and HNB Remix available for use by others.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Declaratory Judgment - Defendants Bakar, Black Butter, Sony UK and LVRN)**

76.     Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

77.     Pursuant to 28 U.S.C. § 2201, the Court may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is, or could be, sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

78.     Plaintiff is the owner of the Composition and the Master.

79.     Plaintiff holds a federal copyright registration for the Composition and common law rights for the Master.

80.     Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, had access to the Composition and Master.

81.     Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, without the permission or consent of

Plaintiff, and without authority, incorporated uncleared samples and corresponding compositional elements from the Composition into the musical composition and sound recordings of HNB and HNB Remix.

82.    The HNB and HNB Remix musical compositions are each substantially similar to the Composition.

83.    The HNB and HNB Remix sound recordings are each substantially similar to the Master.

84.    HNB and HNB Remix are each unauthorized derivative works of the Composition and the Master, violating Plaintiff's exclusive right to make derivative works under the Copyright Act.

85.    Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, without the permission or consent of Plaintiff, and without authority, have publicly performed or otherwise exploited uncleared samples and corresponding compositional elements from the Composition and the Master by virtue of their reproduction, public performance or exploitation of the musical composition and sound recordings of HNB and HNB Remix.

86.    The conduct of Defendants Bakar, Black Butter, Sony UK and LVRN with respect to the Composition constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, pursuant to 17 U.S.C. § 501, including but not limited to: (A) the right to publicly perform the Composition, 17 U.S.C. § 106(4) (the copyright owner has the exclusive right to perform and authorize others to perform the copyrighted work publicly); and (B) the right to prepare derivative works of the Composition, 17 U.S.C. § 106(2) (the copyright owner has the exclusive right to prepare and authorize others to prepare derivative works based on a

copyrighted work).

87.    The conduct of Defendants Bakar, Black Butter, Sony UK and LVRN with respect to the Master constitutes infringement of Plaintiff's exclusive rights arising under the common law, including but not limited to: (A) the right to reproduce the Master, and (B) the right to prepare derivative works of the Master.

88.    The acts of infringement of Defendants Bakar, Black Butter, Sony UK and LVRN have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

89.    Plaintiff repeatedly notified Defendants Bakar, Black Butter, Sony UK and LVRN in writing of Plaintiff's ownership rights in the Composition and the Master, and advised Defendants Bakar, Black Butter, Sony UK and LVRN that if they did not immediately cease and desist from exploiting the Composition and the Master, Plaintiff would pursue legal action against them.

90.    By reason of the foregoing, there is a present controversy between Plaintiff and Defendants Bakar, Black Butter, Sony UK and LVRN regarding their infringement of Plaintiff's copyrights in Composition and Master.

91.    Plaintiff seeks a declaration that it is the owner of all rights in and to the Composition and Master, and a declaration that the ongoing exploitation of the Composition by Defendants Bakar, Black Butter, Sony UK and LVRN, through the incorporation of uncleared samples and corresponding compositional elements from the Composition into HNB and HNB Remix constitutes copyright infringement.

92.    Upon entry of an order granting the sought after Declaratory Judgment, Plaintiff requests the Court order Defendants Bakar, Black Butter, Sony UK and LVRN to pay attorney's

fees pursuant to 17 U.S.C. ¶ 505, and expenses incurred by Plaintiff in connection with this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Injunctive Relief – Defendants Bakar, Black Butter, Sony UK and LVRN)**

93.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

94.    Plaintiff is the owner of the Composition and the Master.

95.    Plaintiff holds a federal copyright registration for the Composition and common law rights for the Master.

96.    Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, had access to the Composition and Master.

97.    Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the direction or under the control of one or more of them, without the permission or consent of Plaintiff, and without authority, incorporated uncleared samples and corresponding compositional elements from the Composition and Master into the musical composition and sound recordings of HNB and HNB Remix.

98.    The HNB and HNB Remix musical compositions are each substantially similar to the Composition.

99.    The HNB and HNB Remix sound recordings are each substantially similar to the Master.

100.    HNB and HNB Remix are each unauthorized derivative works of the Composition and the Master, violating Plaintiff's exclusive right to make derivative works under the Copyright Act.

101.    Defendants Bakar, Black Butter, Sony UK and LVRN, or people acting at the

direction or under the control of one or more of them, without the permission or consent of Plaintiff, and without authority, have publicly performed or otherwise exploited uncleared samples and corresponding compositional elements from the Composition and the Master by virtue of their reproduction, public performance or exploitation of the musical composition and sound recordings of HNB and HNB Remix.

102. The conduct of Defendants Bakar, Black Butter, Sony UK and LVRN with respect to the Composition constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, pursuant to 17 U.S.C. § 501, including but not limited to: (A) the right to publicly perform the Composition and the Master, 17 U.S.C. § 106(4) (the copyright owner has the exclusive right to perform and authorize others to perform the copyrighted work publicly); and (B) the right to prepare derivative works of the Composition and the Master, 17 U.S.C. § 106(2) (the copyright owner has the exclusive right to prepare and authorize others to prepare derivative works based on a copyrighted work).

103. The conduct of Defendants Bakar, Black Butter, Sony UK and LVRN with respect to the Master constitutes infringement of Plaintiff's exclusive rights arising under the common law, including but not limited to: (A) the right to reproduce the Master, and (B) the right to prepare derivative works of the Master.

104. The acts of infringement of Defendants Bakar, Black Butter, Sony UK and LVRN have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

105. As a direct and proximate result of the copyright infringement and other violations detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining Defendants Bakar, Black Butter, Sony UK and LVRN, and anyone

acting at the direction or under the control of any of them, from infringing Plaintiff's copyrights in Composition and the Master, pursuant to 17 U.S.C. § 502 and common law principles of contract law.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Fraud – Defendant Gaines)

106.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

107.    Upon information and belief, on October 15, 2019, Sony UK entered into an agreement with Defendant Maple Gaines, for use of the Master in HNB.

108.    Defendant Gaines did not own the Master, she was not authorized to enter into the agreement, and as she lacked the rights, the agreement was a nullity.

109.    Defendant Gaines knew that she did not own the Master.

110.    Defendant Gaines knew that she was not authorized to enter into an agreement with Sony UK.

111.    Upon information and belief, Gaines made false representations and warranties to Sony UK to induce Sony UK to enter into an agreement with her.

112.    Upon information and belief, assuming Sony UK did not know that Gaines's representations and warranties were false, Sony UK believed Gaines and entered into the agreement based on those representations and warranties.

113.    Upon information and belief, assuming Sony UK did not know that Gaines's representations and warranties were false, Sony UK would not have entered into an agreement with Gaines had Sony UK known that Gaines's representations and warranties were false.

114.    Upon information and belief, assuming Sony UK did not know that Gaines's representations and warranties were false, because of Gaines's false representations and

warranties made to Sony UK, Sony UK has declined to distribute royalties to Plaintiff, amounting to at least $47,500 as of 2023.

115.    Plaintiff has been damaged by Gaines's fraud in an amount to be determined at trial, but which is at least $47,500.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Fraud – Defendants Resnik and Resnik Music)

116.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

117.    Defendant Resnik and/or Resnik Music claim that they acquired the Composition from Diana Miles, that Ms. Miles acquired the rights after the death of her husband George R. Davis, Jr., that Mr. Davis acquired the rights from Pamela Matthews in 1994, and that Ms. Matthews inherited them after the death of her father, Lee Diamond.

118.    These claims are false, as Plaintiff owns the Composition.

119.    Defendants Resnik and/or Resnik Music knew their claims were false when they made them.

120.    Defendant Resnik and/or Resnik Music have made their false claims to Broadcast Music, Inc. ("BMI").

121.    As a result of Defendant Resnik and/or Resnik Music's false claims, BMI has not been distributing the correct amount of public performance royalties from the exploitation of the Composition to Plaintiff.

122.    Upon information and belief, assuming BMI did not know that Resnik's and/or Resnik Music's claims were false, BMI believed Resnik and/or Resnik Music and distributed public performance royalties from the exploitation of the Composition in a manner consistent with those claims.

123.    Upon information and belief, assuming BMI did not know that Resnik's and/or Resnik Music's claims were false, BMI would not have distributed public performance royalties from the exploitation of the Composition in a manner consistent with those claims.

124.    Plaintiff has been damaged by Resnik and/or Resnik Music's fraud in an amount to be determined at trial.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Declaratory Judgment – Defendants Resnik, Resnik Music and Gaines)**

125.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

126.    Pursuant to 28 U.S.C. § 2201, the Court may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is, or could be, sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

127.    Plaintiff is the owner of the Composition and the Master.

128.    Defendants Resnik and/or Resnik Music claim that they – not Plaintiff – are the owner of the Composition.

129.    Based on their claimed ownership of the Composition, Defendants Resnik and/or Resnik Music and their counsel have demanded that Plaintiff abandon its ownership claims to the Composition, and they have also significantly interfered with Plaintiff's ability to exploit the Composition and to be paid royalties it is due for said exploitations.

130.    Because of Defendants Resnik's and/or Resnik Music's false claim of ownership in the Composition, Broadcast Music, Inc. has not been distributing the correct amount of public performance royalties from the exploitation of the Composition to Plaintiff.

131.    Also because of Defendants Resnik's and/or Resnik Music's false claim of

ownership in the Composition, Plaintiff has been denied the opportunity to license the use of the Composition to others.

132.    Indeed, because of their false claim of ownership in the Composition, Resnik and/or Resnik Music have been licensing the use of the Composition to others, and has been collecting monies to which they are not entitled, and which should have been paid to Plaintiff.

133.    Despite their knowledge that his claim of ownership in the Composition is false, and despite being explicitly advised by Plaintiff that his claim is false, Resnik and/or Resnik Music have listed and continue to list the Composition on their website for licensing – with a full-length playable preview of a recording of the Composition.

134.    By reason of the foregoing, there is a justiciable controversy between Plaintiff, on the one hand, and Defendants Resnik and/or Resnik Music, on the other hand, regarding the ownership of the Composition.

135.    By reason of the foregoing, Plaintiff is entitled to a declaration that Plaintiff is the rightful owner of the copyright in and to the Composition.

136.    Upon entry of an order granting the sought after Declaratory Judgment, Plaintiff requests that the Court order Defendants Resnik and Resnik Music to pay attorneys' fees, costs and expenses incurred by Plaintiff in connection with this action.

137.    Defendant Gaines claims that she – not Plaintiff – is the owner of the Master.

138.    Based on her false claimed ownership of the Master, Defendant Gaines and her counsel have demanded that Plaintiff abandon its ownership claims to the Master, and they have also significantly interfered with Plaintiff's ability to exploit the Master and to be paid royalties it is due for said exploitations.

139.    Upon information and belief, on October 15, 2019, Sony UK entered into an

agreement with Defendant Gaines, for use of the Master in HNB.

140.    This agreement was null and void, as Defendant Gaines did not own the Master.

141.    Because of Defendant Gaines' claim of ownership in the Master, and her contract with Sony UK, Sony UK has been collecting – but not distributing – royalties attributable to the exploitation of HNB, and has declined to do so unless and until ordered to do so, and ordered to do so to whom, by a court.

142.    By reason of the foregoing, there is a justiciable controversy between Plaintiff and Defendant Gaines regarding the ownership of the Master.

143.    By reason of the foregoing, Plaintiff is entitled to a declaration that Plaintiff is the rightful owner of the copyright in and to the Master.

144.    Upon entry of an order granting the sought after Declaratory Judgment, Plaintiff requests that the Court order Defendants Resnik, Resnik Music and Gaines to pay attorneys' fees, costs and expenses incurred by Plaintiff in connection with this action.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TufAmerica, Inc. d/b/a Tuff City Records, prays for judgment against Defendants as follows:

1. Damages to Plaintiff for the willful infringement of Plaintiff's copyright in the musical composition "I Caught You In A Lie" by Defendants Bakar, Black Butter, Sony UK and LVRN;

2. Damages to Plaintiff for the willful infringement of Plaintiff's copyright in the sound recording "I Caught You In A Lie" by Defendants Bakar, Black Butter, Sony UK and LVRN;

3.  Actual and punitive damages to Plaintiff for Gaines's and Resnik's and/or Resnik Music's acts of fraud;

4.  Declaratory Judgment that Plaintiff is the owner of the copyright in the musical composition "I Caught You In A Lie";

5.  Declaratory Judgment that Plaintiff is the owner of the copyright in the sound recording "I Caught You In A Lie";

6.  Declaratory Judgment that Defendants by Defendants Bakar, Black Butter, Sony UK and LVRN have willfully infringed Plaintiff's copyright in the musical composition "I Caught You In A Lie";

7.  Declaratory Judgment that Defendants by Defendants Bakar, Black Butter, Sony UK and LVRN have willfully infringed Plaintiff's copyright in the sound recording "I Caught You In A Lie";

8.  For preliminary and permanent injunctive relief enjoining and restraining Defendants by Defendants Bakar, Black Butter, Sony UK and LVRN, and anyone acting at any of their direction or under any of their control, from further exploiting the musical composition "I Caught You In A Lie";

9.  For preliminary and permanent injunctive relief enjoining and restraining Defendants by Defendants Bakar, Black Butter, Sony UK and LVRN, and anyone acting at any of their direction or under any of their control, from further exploiting the sound recording "I Caught You In A Lie";

10. For pre- and post-judgment interest according to law;

11. For reimbursement of Plaintiff's expenses, including attorney's fees, incurred in connection with the enforcement of its rights; and

12. For such other and further relief as the Court may deem just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury.

Dated: New York, New York       PARNESS LAW FIRM, PLLC
      May 6, 2025

                                      By:   /s/ Hillel I. Parness
                                      Hillel I. Parness (HP-1638)
                                      136 Madison Ave., 6th Floor
                                      New York, New York  10016
                                      (212) 447-5299
                                      hip@hiplaw.com
                                      *Attorneys for Plaintiff TufAmerica, Inc.*
                                          *d/b/a Tuff City Records*