UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TUFAMERICA, INC. d/b/a TUFF CITY RECORDS,

                                        Plaintiff,

   - against-

BLACK BUTTER RECORDS, SONY MUSIC
ENTERTAINMENT UK LTD., LVRN PUBLISHING
LLC, ABUBAKAR BAKER SHARIFF-FARR, P/K/A
BAKAR, RESNIK MUSIC GROUP, ROBERT RESNIK
and MAPLE GAINES,

                                       Defendants.
-------------------------------------------------------------------X

Index No. 25-cv-3785

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUBSTITUTED SERVICE OF SUMMONS AND COMPLAINT
<u>ON DEFENDANTS MAPLE GAINES AND LVRN PUBLISHING LLC</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii
PRELIMINARY STATEMENT .................................................................................................... 1
PROCEDURAL POSTURE .......................................................................................................... 1
FACTUAL BACKGROUND ........................................................................................................ 2
ARGUMENT ................................................................................................................................. 4
    I.    Standards for Substituted Service ...................................................................... 4
    II.    Plaintiff Has Already Satisfied Service Upon Ms. Gaines and LVRN Under the CPLR "Nail and Mail" Procedures ......................................................................... 4
    III.    The Court Should Allow Plaintiff to Serve Ms. Gaines and LVRN via FedEx, Email and Social Media ..................................................................................... 5
CONCLUSION .............................................................................................................................. 7

## **TABLE OF AUTHORITIES**

**Cases**

*Hybrid Capital Group, LLC v. Padell*, No. 17-cv-6343, 2018 WL 11291221 (S.D.N.Y. May 2, 2018) ................................................................................................................................. 4

*Tishman v. The Associated Press*, No. 05 CIV. 4278 (GEL), 2006 WL 288369 (S.D.N.Y. Feb. 6, 2006) ................................................................................................................................. 6

**Statutes**

CPLR 308(4) ................................................................................................................. 3, 4, 5, 6

CPLR 308(5) ......................................................................................................................... 4, 5

Fed. R. Civ. P. 4(e) ............................................................................................................ 4, 5, 6

Plaintiff TufAmerica d/b/a Tuff City Records ("Plaintiff" or "TufAmerica") moves for Substituted Service of the Summons and Complaint on Defendants Maple Gaines ("Ms. Gaines") and LVRN Publishing LLC ("LVRN"). Plaintiff relies herein on the Certification of Hillel I. Parness ("Parness Cert.") and the exhibits attached thereto.

## PRELIMINARY STATEMENT

Plaintiff has made substantial efforts to serve the Summons and Complaint in this matter upon Ms. Gaines in Louisiana, and LVRN in Georgia, but has not accomplished personal service upon either Defendant. Ms. Gaines appears to be actively avoiding service, while LVRN and its principal do not appear to occupy the addresses on record. Plaintiff has spent a significant amount of money in attempting personal service, and has further had process servers affix copies of the papers to their last known addresses and sent separate mailings to each of them. Under the circumstances, Plaintiff respectfully requests that the Court deem service already complete, and/or allow Plaintiff to proceed with substitutes service upon each of them by FedEx, email and social media accounts, pursuant to Fed. R. Civ. P. 4(f)(3).

## PROCEDURAL POSTURE

Plaintiff filed the Complaint in this action on May 6, 2025. ECF 1. On July 31, 2025, Plaintiff reported to the Court as to its efforts to serve Ms. Gaines and LVRN, and moved the Court for additional time to serve those Defendants. ECF 23. On August 1, 2025, the Court granted Plaintiff's motion for additional time to serve Ms. Gaines and LVRN through September 3, 2025. ECF 24. On August 22, 2025, Plaintiff reported to the Court of its continuing difficulties in serving these Defendants, and asked for leave to move for substituted service upon Ms. Gaines and LVRN. ECF 27. On August 27, 2025, the Court granted Plaintiff's request and directed Plaintiff to file any such motion by September 10, 2025. ECF 28.

**FACTUAL BACKGROUND**

**Efforts to Serve Ms. Gaines**

Because Plaintiff's records indicated that Ms. Gaines resided at 16446 Chef Menteur Hwy., New Orleans, Louisiana 70129, Plaintiff retained a process server to serve Ms. Gaines at that address. Parness Cert. ¶ 3. The process server reported, in pertinent part, that "This is a bad address. There is no structure located on 16446 Chef Menteur Hwy." *Id*. ¶ 4. Plaintiff engaged the process server to run a "skip trace" search, resulting in the identification of 2826 Castiglione St, New Orleans, Louisiana 70119-2114 as Ms. Gaines' current address, and then engaged the process server to attempt service on Ms. Gaines at that address. *Id*. ¶ 5.

The process server made three attempts at service, reporting as follows:

- 07/19/2025 at 10:20 AM -Attempt to serve, unsuccessful. An unknown female, approximately 25 years old and refused to provide her name, answered the door and stated that Ms. Gaines was currently on a retreat in Mexico and she did not know when she would be returning. Unknown female stated that she was house sitting.

- 07/24/2025 at 1:42 PM - Attempt to serve, unsuccessful. <u>Ms. Gaines identified herself through the window blinds, but refused to answer the door and began screaming obscenities at the server</u>. Due to not being able to physically see her, we were unable to serve her.

- 07/25/2025 at 10:40 AM - Attempt to serve, unsuccessful. There were no vehicles in the driveway, no answer at the door or on the ring camera.

*Id*. ¶ 6 & Ex. A (emphasis added).

Thereafter, Plaintiff directed the process server to make three more attempts, reporting as follows:

- 08/01/2025 at 7 :20 AM - Grey Lexus RX350 present. No answer at the door. Light on inside but no activity.

- 08/02/2025 at 4:48 PM - white Toyota RAV present tag, 121 FMS, no answer.

- 08/04/2025 at 6 :16 PM - Lexus RX350 present, no answer, rang the bell several times.

*Id.* ¶ 7 & Ex. B.

Finally, in early September 2025, Plaintiff directed its process server to make one final visit to Ms. Gaines' residence, and if personal service once again proved impossible, to proceed with the "nail and mail" procedures under CPLR 308(4). *Id.* ¶ 8. The process server did so, reporting as follows:

- Service completed by posting at 2826 Castiglione St, New Orleans, LA 70119 on 09/06/2025. A mailed copy was sent 09/08/2025.

- 09/06/2025 at 11:53 AM

- Notes: Upon arrival, the subject's vehicle Lexus RX with an LA tag number 327HBE was present. Server knocked on the door, rand the bell several times but no answer. Documents were taped to the door. A mailed copy was sent to the address from the server.

*Id.* ¶ 9 & Ex. C.

**Efforts to Serve LVRN**

LVRN's address on file with the Georgia Secretary of State was and is 229 Bradberry St. SW, Atlanta, Georgia 30313. That is also the address on file for its Registered Agent, Babatunde Balogun. Parness Cert. ¶ 10 & Ex. D. In view of the foregoing, Plaintiff directed its process server to serve LVRN at that address, and the process server reported back as follows:

- 1st attempt on 7/14/2025 @12:47 p.m. and there was no answer at the door which was locked. There was no signage indicating the company is doing business at the location.

- 2nd attempt on 7/22/205 @ 10:04 AM and there was no answer at the door which was locked.

- Third attempt was made on 7/25 @12:15 p.m. and again there was no response at the locked building.

*Id.* ¶ 11.

3

In view of the above, and the lack of any other information as to LVRN's or its agent's address, Plaintiff directed the process server to perform a "skip trace" on LVRN's agent. That effort identified a current address of 575 East Ave. NE, Atlanta, Georgia 30312-1345. *Id.* ¶ 12.

Plaintiff directed its process server to attempt service upon LVRN/Balogan at that address, and the process server reported back as follows:

- First attempt was made on 8/4 @12:10 p.m. and there was no answer.
- 2nd attempt was made on 8/7 @9:37 a.m. and there was no answer.
- 3rd attempt was completed on 8/9 @9:45 a.m. and there was no answer at the residence. There were no lights on inside the property.

*Id.* ¶ 13. Thereafter, in early September, Plaintiff directed its process server to serve LVRN/Balogan under the CPLR 308(4) "nail and mail" procedure, which effort was completed on September 8, 2025. *Id.* ¶ 14 & Ex. E.

## ARGUMENT

**I.      Standards for Substituted Service**

Fed. R. Civ. P. 4(e) allows service of process on an individual "following state law for serving a summons in an action brought in courts of general jurisdiction in the state <u>where the district court is located</u> or where service is made." Fed. R. Civ. P. 4(e) (emphasis added). Thus, "[u]nder New York law, a court may approve substituted service, including by email, where more traditional forms of service have proven 'impracticable.'" *Hybrid Capital Group, LLC v. Padell*, No. 17-cv-6343, 2018 WL 11291221, at *1 (S.D.N.Y. May 2, 2018) (*citing* CPLR 308(5)).

**II.     Plaintiff Has Already Satisfied Service Upon Ms. Gaines and LVRN Under the CPLR "Nail and Mail" Procedures**

CPLR 308(4) provides, in pertinent part, as follows:

4

> where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later

CPLR 308(4).

When its efforts to serve Ms. Gaines and LVRN personally proved ineffective, and after this Court allowed Plaintiff to make this motion, Plaintiff directed its process servers to follow the CPLR "nail and mail" procedures, and they did so. *See* Parness Cert. Exs. __ & __. Because this Court is located in New York, and because New York recognizes the "nail and mail" form of substituted service, Plaintiff has already accomplished service upon Ms. Gaines and LVRN in accordance with Fed. R. Civ. P. 4(e) and CPLR 308(4). In the event that the Court for any reason does not recognize the foregoing as satisfying Plaintiff's obligation under Fed. R. Civ. P. 4(e), Plaintiff is proceeding with this motion pursuant to CPLR 308(5).

### III. The Court Should Allow Plaintiff to Serve Ms. Gaines and LVRN via FedEx, Email and Social Media

As reflected above, Plaintiff first attempted to serve Ms. Gaines at the address Plaintiff had on file for her, only to be told by its process server that that address was no longer valid, as there was "no structure located" there. Plaintiff then paid for a "skip trace" search and two rounds of three attempts in July and August 2025 to serve Ms. Gaines at her current address. In the course of those efforts, "Ms. Gaines identified herself through the window blinds, but refused to answer the door and began screaming obscenities at the server." In early September, Plaintiff paid its process server to make one final attempt and then proceed with "nail and mail" service

5

pursuant to CPLR 308(4).

Similarly, Plaintiff attempted to serve LVRN at the address on file for the company and its Registered Agent, Mr. Balogun, only to conclude (after three attempts) that that address was also incorrect, as there were locked doors, no signage, and no signs of activity. Plaintiff then paid for a "skip trace" on Mr. Balogun and paid its process server to make three attempts to personally serve Mr. Balogun at his current address. When that effort also did not result in personal service, Plaintiff paid the process server to make one final attempt, and then proceed with "nail and mail" service.

In the event that the Court has any concerns that the "nail and mail" form of alternative service was inadequate to place either Ms. Gaines or LVRN on notice in accordance with Fed. R. Civ. P. 4(e), Plaintiff moves this Court to allow for alternate means of substituted service. *See Tishman v. The Associated Press*, No. 05 CIV. 4278 (GEL), 2006 WL 288369, at *1 (S.D.N.Y. Feb. 6, 2006) ("[g]iven (1) that plaintiffs have attempted "nail and mail" service but are unable to confirm whether defendant was in fact successfully served, and (2) that defendant, despite being in communication with both the court and plaintiffs through his attorneys, refuses to disclose his current residence or place of business, other than to represent through his attorneys that he is living outside of the country for "career reasons," the Court concludes that service under N.Y. C.P.L.R. § 308(4) is impracticable, and that it is appropriate to allow substituted service under N.Y. C.P.L.R. § 308(5) in the manner requested by plaintiffs").

Plaintiff made substantial efforts, at no small cost, to serve Ms. Gaines and LVRN through traditional means, but those means have proven "impracticable." Plaintiff suggests the use of FedEx, as the service allows the sender to track packages to their destination, and also through email and social media, to the extent Ms. Gaines and LVRN maintain online presences.

## **CONCLUSION**

      For the reasons set forth herein, Plaintiff's Motion for Substituted Service should be granted.

Respectfully submitted,

DATED:  September 10, 2025              PARNESS LAW FIRM, PLLC

By:       /s/ Hillel I. Parness
Hillel I. Parness (HP-1638)
136 Madison Ave., 6th Floor
New York, New York  10016
(212) 447-5299
hip@hiplaw.com
*Attorneys for TufAmerica, Inc. d/b/a Tuff City Records*

**LOCAL CIVIL RULE 7.1(c) CERTIFICATION**

Pursuant to Local Civil Rule 7.1(c), the total number of words in the foregoing memorandum of law, inclusive of footnotes and exclusive of the caption, indices, tables, signature blocks, and certificates, is 1,940.

Dated: September 10, 2025                    /s/ Hillel I. Parness
                                             Hillel I. Parness