UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| TUFAMERICA, INC. D/B/A TUFF CITY RECORDS, | Case No. 1:25-cv-03785 |
| Plaintiff, | **ANSWER TO COMPLAINT WITH COUNTERCLAIM** |
| -against- | |
| BLACK BUTTER RECORDS, SONY MUSIC ENTERTAINMENT UK LTD., LVRN PUBLISHING LLC, ABUBAKAR BAKER SHARIFF-FARR, P/K/A BAKAR, RESNIK MUSIC GROUP, ROBERT RESNIK, AND MAPLE GAINES, | **JURY TRIAL DEMANDED** |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants Resnik Music Group and Robert Resnik (collectively, "Defendants"), by and through their attorneys, Reitler Kailas & Rosenblatt LLP, by and for their Answer to the Complaint filed by Plaintiff TufAmerica, Inc. d/b/a Tuff City Records ("Plaintiff") on May 6, 2025 (the "Complaint") responds as follows:

## ANSWER TO NATURE OF THIS ACTION

1. Defendants state the allegations in paragraph 1 of the Complaint are legal conclusions to which no response is required.

## ANSWER TO JURISDICTION AND VENUE

2. Defendants state the allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required.

3. Defendants state the allegations in paragraph 3 of the Complaint are legal conclusions to which no response is required.

1

**ANSWER TO PARTIES**

4. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 4 of the Complaint.

5. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 5 of the Complaint.

6. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 6 of the Complaint.

7. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 7 of the Complaint.

8. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint, except admit that Robert Resnik resides in Palm Harbor, Florida.

11. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 11 of the Complaint.

**ANSWER TO FACTUAL SUMMARY**

12. Defendants admit the allegations in paragraph 12 of the Complaint.

**The Composition**

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 17 of the Complaint.

18. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

**The Master**

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 23 of the Complaint.

24. Defendants lack knowledge and information sufficient to either admit or deny the allegations in paragraph 24 of the Complaint.

**"Hell N Back" is an Unlicensed Infringement of the Composition and Master**

25. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 25 of the Complaint.

26. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 26 of the Complaint.

27. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 27 of the Complaint.

28. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 28 of the Complaint.

29. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 29 of the Complaint.

30. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 30 of the Complaint.

31. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 31 of the Complaint.

32. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 32 of the Complaint.

33. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 33 of the Complaint.

34. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 34 of the Complaint.

**Competing Ownership Claims Regarding the Composition**

35. Defendants deny the allegations in paragraph 35 of the Complaint, except state that Defendants claim a 50% worldwide ownership interest in the Composition.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint, except state that Defendants claim a 50% worldwide ownership interest in the Composition.

38. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 38 of the Complaint.

39. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

**Competing Ownership Claims Regarding the Master**

44. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 44 of the Complaint.

45. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 45 of the Complaint.

46. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 46 of the Complaint.

47. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 47 of the Complaint.

48. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 48 of the Complaint.

49. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 49 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION
### (Copyright Infringement – Defendants Bakar, Black Butter, Sony UK and LVRN)

50. Defendants restate their responses to the preceding paragraphs of the Complaint as though fully restated herein.

51. Defendants state the allegations in paragraph 51 of the Complaint are not directed at them so no response is required.

52. Defendants state the allegations in paragraph 52 of the Complaint are not directed at them so no response is required.

53. Defendants state the allegations in paragraph 53 of the Complaint are not directed at them so no response is required.

54. Defendants state the allegations in paragraph 54 of the Complaint are not directed at them so no response is required.

55. Defendants state the allegations in paragraph 55 of the Complaint are not directed at them so no response is required.

56. Defendants state the allegations in paragraph 56 of the Complaint are not directed at them so no response is required.

57. Defendants state the allegations in paragraph 57 of the Complaint are not directed at them so no response is required.

58. Defendants state the allegations in paragraph 58 of the Complaint are not directed at them so no response is required.

59. Defendants state the allegations in paragraph 59 of the Complaint are not directed at them so no response is required.

60. Defendants state the allegations in paragraph 60 of the Complaint are not directed at them so no response is required.

61. Defendants state the allegations in paragraph 61 of the Complaint are not directed at them so no response is required.

62. Defendants state there are no allegations in paragraph 62 of the Complaint so no response is required.

63. Defendants state the allegations in paragraph 63 of the Complaint are not directed at them so no response is required.

## ANSWER TO SECOND CAUSE OF ACTION
### (Common Law Copyright Infringement – Defendants Bakar, Black Butter, Sony UK and LVRN)

64. Defendants restate their responses to the preceding paragraphs of the Complaint as though fully restated herein.

65. Defendants state the allegations in paragraph 65 of the Complaint are not directed at them so no response is required.

66. Defendants state the allegations in paragraph 66 of the Complaint are not directed at them so no response is required.

67. Defendants state the allegations in paragraph 67 of the Complaint are not directed at them so no response is required.

68. Defendants state the allegations in paragraph 68 of the Complaint are not directed at them so no response is required.

69. Defendants state the allegations in paragraph 69 of the Complaint are not directed at them so no response is required.

70. Defendants state the allegations in paragraph 70 of the Complaint are not directed at them so no response is required.

71. Defendants state the allegations in paragraph 71 of the Complaint are not directed at them so no response is required.

72. Defendants state the allegations in paragraph 72 of the Complaint are not directed at them so no response is required.

73. Defendants state the allegations in paragraph 73 of the Complaint are not directed at them so no response is required.

74. Defendants state the allegations in paragraph 74 of the Complaint are not directed at them so no response is required.

75. Defendants state the allegations in paragraph 75 of the Complaint are not directed at them so no response is required.

## ANSWER TO THIRD CAUSE OF ACTION
### (Declaratory Judgment – Defendants Bakar, Black Butter, Sony UK and LVRN)

76. Defendants restate their responses to the preceding paragraphs of the Complaint as though fully restated herein.

77. Defendants state the allegations in paragraph 77 of the Complaint are not directed at them so no response is required.

78. Defendants state the allegations in paragraph 78 of the Complaint are not directed at them so no response is required.

79. Defendants state the allegations in paragraph 79 of the Complaint are not directed at them so no response is required.

80. Defendants state the allegations in paragraph 80 of the Complaint are not directed at them so no response is required.

81. Defendants state the allegations in paragraph 81 of the Complaint are not directed at them so no response is required.

82. Defendants state the allegations in paragraph 82 of the Complaint are not directed at them so no response is required.

83. Defendants state the allegations in paragraph 83 of the Complaint are not directed at them so no response is required.

84. Defendants state the allegations in paragraph 84 of the Complaint are not directed at them so no response is required.

85. Defendants state the allegations in paragraph 85 of the Complaint are not directed at them so no response is required.

86. Defendants state the allegations in paragraph 86 of the Complaint are not directed at them so no response is required.

87. Defendants state the allegations in paragraph 87 of the Complaint are not directed at them so no response is required.

88. Defendants state the allegations in paragraph 88 of the Complaint are not directed at them so no response is required.

89. Defendants state the allegations in paragraph 89 of the Complaint are not directed at them so no response is required.

90. Defendants state the allegations in paragraph 90 of the Complaint are not directed at them so no response is required.

91. Defendants state the allegations in paragraph 91 of the Complaint are not directed at them so no response is required.

92. Defendants state the allegations in paragraph 92 of the Complaint are not directed at them so no response is required.

**ANSWER TO THE FOURTH CAUSE OF ACTION**
**(Injunctive Relief – Defendants Bakar, Black Butter, Sony UK and LVRN)**

93. Defendants restate their responses to the preceding paragraphs of the Complaint as though fully restated herein.

94. Defendants state the allegations in paragraph 94 of the Complaint are not directed at them so no response is required.

95. Defendants state the allegations in paragraph 95 of the Complaint are not directed at them so no response is required.

96. Defendants state the allegations in paragraph 96 of the Complaint are not directed at them so no response is required.

97. Defendants state the allegations in paragraph 97 of the Complaint are not directed at them so no response is required.

98. Defendants state the allegations in paragraph 98 of the Complaint are not directed at them so no response is required.

99. Defendants state the allegations in paragraph 99 of the Complaint are not directed at them so no response is required.

100. Defendants state the allegations in paragraph 100 of the Complaint are not directed at them so no response is required.

101. Defendants state the allegations in paragraph 101 of the Complaint are not directed at them so no response is required.

102. Defendants state the allegations in paragraph 102 of the Complaint are not directed at them so no response is required.

103. Defendants state the allegations in paragraph 103 of the Complaint are not directed at them so no response is required.

104. Defendants state the allegations in paragraph 104 of the Complaint are not directed at them so no response is required.

105. Defendants state the allegations in paragraph 105 of the Complaint are not directed at them so no response is required.

**ANSWER TO FIFTH CAUSE OF ACTION**
**(Fraud – Defendant Gaines)**

106. Defendants restate their responses to the preceding paragraphs of the Complaint as though fully restated herein.

107. Defendants state the allegations in paragraph 107 of the Complaint are not directed at them so no response is required.

108. Defendants state the allegations in paragraph 108 of the Complaint are not directed at them so no response is required.

109. Defendants state the allegations in paragraph 109 of the Complaint are not directed at them so no response is required.

110. Defendants state the allegations in paragraph 110 of the Complaint are not directed at them so no response is required.

111. Defendants state the allegations in paragraph 111 of the Complaint are not directed at them so no response is required.

112. Defendants state the allegations in paragraph 112 of the Complaint are not directed at them so no response is required.

113. Defendants state the allegations in paragraph 113 of the Complaint are not directed at them so no response is required.

114. Defendants state the allegations in paragraph 114 of the Complaint are not directed at them so no response is required.

115. Defendants state the allegations in paragraph 115 of the Complaint are not directed at them so no response is required.

**ANSWER TO SIXTH CAUSE OF ACTION**
**(Fraud – Defendants Resnik and Resnik Music)**

116. Defendants restate their responses to the preceding paragraphs of the Complaint as though fully restated herein.

117. Defendants deny the allegations in paragraph 117 of the Complaint.

118. Defendants deny the allegations in paragraph 118 of the Complaint.

119. Defendants deny the allegations in paragraph 119 of the Complaint.

120. Defendants deny the allegations in paragraph 120 of the Complaint.

121. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 121 of the Complaint

122. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 122 of the Complaint.

123. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 123 of the Complaint.

124. Defendants deny the allegations in paragraph 124 of the Complaint.

### ANSWER TO SEVENTH CAUSE OF ACTION
(Declaratory Judgment – Defendants Resnik, Resnik Music and Gaines)

125. Defendants restate their responses to the preceding paragraphs of the Complaint as though fully restated herein.

126. Defendants state the allegations in paragraph 126 are legal conclusions to which no response is required.

127. Defendants deny the allegations in paragraph 127 of the Complaint.

128. Defendants deny the allegations in paragraph 128 of the Complaint, except state that Defendants maintain a 50% worldwide ownership interest in the Composition.

129. Defendants deny the allegations in paragraph 129 of the Complaint, except state that Defendants claim a 50% worldwide ownership interest in the Composition.

130. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 130 of the Complaint.

131. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 131 of the Complaint.

132. Defendants deny the allegations in paragraph 132 of the Complaint.

133. Defendants deny the allegations in paragraph 133 of the Complaint.

134. Defendants state the allegations in paragraph 134 of the Complaint are legal conclusions to which no response is required.

135. Defendants state the allegations in paragraph 135 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 135 of the Complaint.

136. Defendants state the allegations in paragraph 136 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 136 of the Complaint.

137. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 137 of the Complaint.

138. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 138 of the Complaint.

139. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 139 of the Complaint.

140. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 140 of the Complaint.

141. Defendants lack information and belief sufficient to either admit or deny the allegations in paragraph 141 of the Complaint.

142. Defendants state the allegations in paragraph 142 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants

lack information and belief sufficient to either admit or deny the allegations in paragraph 142 of the Complaint.

143. Defendants state the allegations in paragraph 143 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 143 of the Complaint.

144. Defendants state the allegations in paragraph 144 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 144 of the Complaint.

145. Defendants state no response is required to the "WHEREFORE" paragraph of the Complaint. To the extent a response is required, Defendants deny Plaintiff is entitled to any of the relief sought in the "WHEREFORE" paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's fraud claim is not pled with sufficient particularity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's fraud claim fails to allege reasonable reliance on any alleged misrepresentation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to join a necessary party.

### DEFENSES RESERVED

Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### COUNTERCLAIM

Defendants and Counterclaim Plaintiffs Resnik Music Group and Robert Resnik as for their Counterclaim against Plaintiff and Counterclaim Defendant TufAmerica, Inc. d/b/a Tuff City Records alleges as follows:

### THE PARTIES

1. Counterclaim Plaintiff Resnik Music Group ("Resnik Music") is a company with its principal place of business in Palm Harbor, Florida.

2. Counterclaim Plaintiff Robert Resnik ("Resnik") is an individual residing in Palm Harbor, Florida.

3. Upon information and belief, Counterclaim Defendant TufAmerica, Inc. d/b/a Tuff City Records ("TufAmerica") is corporation organized and existing under the laws of the State of New York with its principal place of business located at 439 West 43rd Street, New York, NY 10036.

## JURISDICTION AND VENUE

4. Resnik Music and Resnik seek a declaratory judgment under the Declaratory Judgment Act pursuant to 28 U.S.C. § 2201. This Court has supplemental jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1367 inasmuch as it arises out of the same set of operative facts as are at issue in the claims asserted by TufAmerica in this action, over which this Court has original jurisdiction, and, therefore the Counterclaim forms part of the same case or controversy under Article III of the United States Constitution as the claims asserted by TufAmerica herein.

5. Venue is proper because TufAmerica, upon information and belief, resides in New York.

## BACKGROUND

6. In 1967, Robert Parker released a song entitled "I Caught You In A Lie" written by Wilbert Smith Sr. p/k/a Lee Diamond ("Diamond").

7. "I Caught You In A Lie" was co-published by Bonatemp Music Pub. Co., Inc. ("Bonatemp") and Juplant Pub. Co. ("Juplant").

8. Originally, Bonatemp and Juplant each owned a 50% interest in the musical composition (the "Composition").

9. Upon information and belief, Juplant was a partnership in which George Davis ("Davis") and Diamond where each shared a 50% interest in Juplant.

10. Upon information and belief, Juplant transferred its 50% interest worldwide in the Composition to Davis.

11. Upon information and belief, Davis transferred the 50% interest worldwide in the Composition to GRD Music, Inc. ("GRD Music").

12. In 2021, GRD Music transferred the 50% interest worldwide in the Composition to Resnik.

13. Resnik Music facilitates the licensing of Resnik's 50% interest worldwide in the Composition.

14. TufAmerica claims a 100% interest in the Composition through assignments by Bonatemp.

15. There exists a justiciable controversy between Resnik and Resnik Music, on the one hand, and TufAmerica, on the other, regarding the ownership of the Composition.

16. Resnik Music and Resnik have no adequate remedy at law.

## AS AND FOR THE FIRST COUNTERCLAIM
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201)

17. Resnik Music and Resnik repeat and reallege the allegations contained in paragraphs 1 through 16 above as set forth fully herein.

18. As described above, Resnik is the 50% worldwide owner of the Composition.

19. Resnik Music facilitates the licensing of Resnik's 50% interest worldwide in the Composition.

20. TufAmerica contends it maintains a 100% ownership interest in the Composition.

21. By reason of the foregoing, there is a judiciable controversy between Resnik Music and Resnik, on the one hand, and TufAmerica, on the other hand, regarding ownership of the Composition.

22. Resnik Music and Resnik are entitled to a declaration that that Resnik is a 50% worldwide owner of the Composition.

23.     Upon entry of an order granting the sought after Declaratory Judgment, Resnik Music and Resnik requests that the Court order TufAmerica to pay attorney's fees, costs, and expenses incurred by Resnik Music and Resnik in connection with this action.

WHEREFORE, Defendants and Counterclaim Plaintiffs Resnik Music and Resnik request judgment as follows:

A.      Dismissing TufAmerica's Complaint with prejudice in its entirety;

B.      On the Counterclaim, a declaration that Resnik is a 50% worldwide owner of the Composition;

C.      Awarding Resnik Music and Resnik their costs and attorney's fees; and

D.      Granting such other and further relief as this Court deems just and proper.

Dated: September 17, 2025

**REITLER KAILAS & ROSENBLATT LLP**

By: s/ Brian D. Caplan
     Brian D. Caplan, Esq.
     James Ng, Esq.
     885 Third Avenue, 20th Floor
     New York, NY 10022
     (212) 209-3050
     bcaplan@reitlerlaw.com

*Attorneys for Defendants and Counterclaim Plaintiffs Resnik Music Group and Robert Resnik*

To:    Hillel I. Parness, Esq. (via ECF)
       136 Madison Avenue, 6th Floor
       New York, NY 10016

*Attorneys for Plaintiff and Counterclaim Defendant TufAmerica, Inc. d/b/a Tuff City Records*