UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                :
TUFAMERICA, INC. d/b/a TUFF CITY RECORDS,       :
                                                                :
                                    Plaintiff,                  :
                                                                :
                   -v-                                          :            25 Civ. 3785 (JPC)
                                                                :
RESNIK MUSIC GROUP, *et al.*,                    :                          ORDER
                                                                :
                                    Defendants.                 :
                                                                :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On February 12, 2026, Defendants Resnik Music Group and Robert Resnik (collectively, "Resnik") joined in a previously filed motion for a stay of discovery, *see* Dkt. 68, arguing that discovery should be stayed because the Court lacks subject-matter jurisdiction. Dkt. 69. Plaintiff TufAmerica, Inc. ("TufAmerica") opposed the request for a stay of discovery on February 26, 2026. Dkt. 70. Then, on April 2, 2026, Resnik filed a premotion letter seeking leave to file a motion to dismiss for lack of subject-matter jurisdiction. Dkt. 77. TufAmerica submitted a letter in opposition to Resnik's premotion letter on April 7, 2026. Dkt. 78.

Resnik has not made a strong showing that the court lacks subject-matter jurisdiction, so the Court denies the motion to stay discovery. *See Palladino v. JPMorgan Chase & Co.*, No. 23 Civ. 1215 (MKB) (JAM), 2024 WL 312522, at *2 (E.D.N.Y. Jan. 26, 2024) (explaining that courts evaluating a motion to stay discovery consider, *inter alia*, "whether the [d]efendant[] has made a strong showing that the plaintiff's claim is unmeritorious" (internal quotation marks omitted)). TufAmerica's Complaint asserts a cause of action under the Declaratory Judgment Act, 28 U.S.C. § 2201, alleging that "Defendants Resnik and/or Resnik Music and their counsel have demanded that Plaintiff abandon its ownership claims to the Composition, and they have also significantly

interfered with Plaintiff's ability to exploit the Composition and to be paid royalties it is due for said exploitations," Dkt. 1 ¶ 129.  TufAmerica appears to have a compelling argue that such a cause of action falls within the Court's federal-question jurisdiction.  *See S. Music Pub. Co. v. C & C Films, Inc.*, 171 F. Supp. 832, 833 (S.D.N.Y. 1959) ("The Courts have repeatedly held that an action to enjoin a threatened infringement of the rights of a copyright owner is one arising under the Copyright Law of the United States.  And the right may be enforced under the Declaratory Judgment Act." (internal footnote omitted)); *cf. City of Rome, N.Y. v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 175 n.3 (2d Cir. 2004) ("[I]t is well established that a declaratory judgment action seeking to establish the invalidity of a threatened claim based on federal law arises under federal law." (internal quotation marks omitted)).  Out of an abundance of caution, however, the Court grants TufAmerica leave to file, within two weeks of this Order, an Amended Complaint asserting diversity jurisdiction as an additional basis for jurisdiction.

Since discovery will commence in this case, the parties shall submit, within one week of this Order, a proposed case management plan and scheduling order, a template of which is available at https://www.nysd.uscourts.gov/hon-john-p-cronan.  The Court will hold a conference to discuss the parties' proposed case management plan on April 17, 2026, at 3:00 p.m.  At the scheduled time, counsel for all parties should call (855) 244-8681, access code 2302 755 2307.

At the conference on April 17, 2026, Defendant Maple Gaines should also be prepared to discuss whether she would like the Court to attempt to locate *pro bono* counsel to represent her.  In civil cases, there is no requirement that courts supply *pro se* litigants with counsel, *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986), but courts nonetheless have discretion to request *pro bono* representation for indigent litigants.  Gaines should therefore explain at the conference whether she is "unable to afford counsel" within the meaning of the *in forma pauperis* statute.  *See* 28 U.S.C. § 1915(e)(1).

2

The Clerk of Court is respectfully directed to close Docket Number 68.

SO ORDERED.

Dated: April 7, 2026
      New York, New York

                                             JOHN P. CRONAN
                                  United States District Judge