UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                   :
TUFAMERICA, INC. d/b/a TUFF CITY RECORDS,                           :
                                                                   :
                            Plaintiff,                             :
                                                                   :
            -v-                                                    :        25 Civ. 3785 (JPC)
                                                                   :
RESNIK MUSIC GROUP, *et al.*,                                      :            ORDER
                                                                   :
                            Defendants.                            :
                                                                   :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

At the conference on April 17, 2026, Defendant Maple Gaines advised that she would like the Court to attempt to locate pro *bono counsel* to represent her in this consolidated matter. The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, there is no requirement in civil cases that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to request *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel in a civil case, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

The Second Circuit described how a court should consider whether to request *pro bono*

counsel in *Hodge*. 802 F.2d at 61-62. As a threshold matter, the litigant must demonstrate that he or she is indigent, and the court must determine whether the litigant's claim "seems likely to be of substance." *Id.* at 61. If those threshold requirements are met, a court must next weigh factors such as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61-62. In considering these factors, a court should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Here, Gaines has represented to the Court that she is "unable to afford counsel" within the meaning of the *in forma pauperis* statute. The Court also finds that Gaines's "position seems likely to be of substance," *Hodge*, 802 F.2d at 61, given that this case involves complex legal issues and conflicting assertions about, among other things, ownership of the song at issue. This, in turn, raises questions about Gaines's ability to present her case *pro se*, and weighs in favor of requesting *pro bono* representation.

The Court thus requests *pro bono* counsel to represent Gaines. The Court emphasizes to Gaines that there is no guarantee that a volunteer attorney will decide to represent her. Indeed, due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers. Of course, if any attorney offers to take the case, it is entirely Gaines's decision whether to retain that attorney or not.

    SO ORDERED.

Dated: April 20, 2026
    New York, New York

_____
        JOHN P. CRONAN
     United States District Judge

2